O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### #18/21
### CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Defendant's motion to dismiss the Complaint

Pending before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim and for lack of subject matter jurisdiction. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's motion.

I.     Background

Plaintiff Dita, Inc. ("Plaintiff") is a luxury brand best known for designing and selling "high-fashion" eyewear. *Compl.* ¶ 6. Plaintiff alleges that, since early 2002, it has been expanding its line of products to include leather goods, clothing, and jewelry. *Id.* ¶ 11. Defendant Judith Mendez ("Defendant") is a Los Angeles-based entertainer known professionally as Dita de Leon. *Id.* ¶ 4; *see also Novak Decl.* Ex. 8. In addition to performing, Defendant sells jewelry, leather goods, and clothes bearing the name "DITA." *Compl.* ¶ 28; *Mot.* 3:26- 4:3. Some of the tee-shirts sold by Defendant allegedly depict Defendant wearing "eyeglasses similar in style to [Plaintiff's]." *Compl.* ¶ 17.

On August 23, 2010, Plaintiff filed an action for trademark infringement and unfair competition, alleging that Defendant's use of the mark "DITA" is "likely to cause [consumer] confusion" and "affects the strength of the mark [Plaintiff] uses in interstate commerce." *Compl.*¶ 25. Specifically, the Complaint asserts five causes of action: (1) trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125; (3) common law trademark infringement; (4) unfair competition

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### #18/21
### CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

pursuant to Cal. Bus. & Prof. Code § 17200; and (5) common law unfair competition. *Id.* ¶¶ 26-68.

On October 19, 2010, Defendant moved to dismiss the Complaint, arguing that Plaintiff's claims are barred by the First Amendment, that the action is not justiciable, and that none of the causes of action asserted in the Complaint have legal merit.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950.

To further the inquiry, the Court may consider extrinsic documents that are either subject to judicial notice, or are referred to or necessarily relied upon in the complaint and where their authenticity has not been questioned. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

III. Discussion

In bringing this motion, Defendant argues that the Complaint should be dismissed because: (1) the First Amendment bars liability for all causes of action asserted in the Complaint; (2) the action is not justiciable under standing and ripeness doctrines; and (3) none of the causes of action asserted in the Complaint have legal merit. The Court will address each argument in turn.

A. Whether the First Amendment Bars Plaintiff's Claims

Defendant first contends that the Court should dismiss the Complaint because "Defendant's activities as alleged by Plaintiff are clear forms of artistic expression protected by the First Amendment of the United States Constitution." *Mot.* 5:25-27. Defendant claims that her use of the disputed "DITA" trademark on clothing is afforded constitutional protection because it is "an advertisement of [Defendant's] celebrity persona, her artistic expression, and her artistic entertainment services." *Id.* 7:4-5. This position, however, is incorrect as a matter of law.

First, the Court notes that the First Amendment does not automatically insulate all "artistic works" from liability under the Lanham Act, as Defendant appears to claim. Rather, in trademark cases where a First Amendment defense is applicable (a caveat discussed in greater detail below), courts aim to strike a balance between upholding a trademark owner's intellectual property rights, and protecting the defendant's expressive interests at stake. As the Ninth Circuit has explained: "[t]he First Amendment may offer little protection for a competitor who labels its commercial good with a confusingly similar mark, but '[t]rademark rights do not entitle the owner to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view.'" *Mattel, Inc. v. MCA Records, Inc.,* 296 F.3d 894, 900 (9th Cir. 2002).

This case, however, differs materially from those in which courts have held that the First Amendment barred liability under the Lanham Act. In such cases, the First Amendment was implicated because the defendant used a trademarked term to describe or comment upon the *plaintiff's* mark or product – not merely to promote its own product. *See, e.g., E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.,* 547 F.3d 1095, 1101 (9th Cir. 2008) (holding

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

that the First Amendment barred a trademark action by owner of strip club called "Play Pen Gentlemen's Club against a video game creator who used "Pig Pen," as a virtual, cartoon-style strip club in its video game); *Mattel, Inc. v. MCA Records, Inc.,* 296 F.3d 894, 900 (9th Cir. 2002) (music companies' use of the "Barbie" trademark in a song parodying the doll was entitled to First Amendment protection, and thus not actionable under the Lanham Act); *Roxbury Entertainment v. Penthouse Media Group,* 669 F. Supp. 2d 1170, 1176 (C.D. Cal. 2009) (holding that the First Amendment provided a complete defense to plaintiff's Lanham Act claims where Defendant's reference to the term "Route 66" in a porn film related to the "mental imagery associated with the [plaintiff's] term 'Route 66,' e.g., road trips [and] cross-country travel."). Here, however, nothing in the Complaint indicates that Defendant is using the "DITA" mark so as to comment on either Plaintiff's use of the mark or upon any of Plaintiff's products that are associated with it.

Although Defendant concedes that her use of the "DITA" mark is not for purposes of parody, she asserts that the First Amendment nonetheless bars Plaintiff's trademark infringement and unfair competition claims because her use of the mark in an "artistic manner on t-shirts is an expressive form of conduct entitled to First Amendment protection." *Reply* 4:8-5:9.[1] The Court disagrees. To the contrary, the First Amendment does not compel dismissal of the Complaint.

To the extent that Defendant's First Amendment defense is based on the two-part test in *Rogers v. Grimaldi,* such a claim is unavailing. *See Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989). In *Rogers,* the Second Circuit stated that because of an artist's significant First Amendment interest in choosing an appropriate title for his artistic work, the Lanham Act "[s]hould be construed to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." *Id.* at 999. With respect to the allegedly misleading titles at issue, the court held that the "that balance will not support application of the [Lanham] act unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the

---

[1] Defendant's invocation of caselaw regarding the constitutionality of nude and semi-nude dancing in support of this claim is a complete non-sequitur. *See e.g., City of Erie v. Pap's A.M.,* 529 U.S. 277, 289, 120 S. Ct. 1382, 146 L.Ed. 2d 265 (2000). *Erie* and its progeny, which recognize nude dancing as constitutionally-protected expressive activity, may well protect Defendant's right to engage in such expressive performances. But these cases have little bearing on Defendant's right to sell merchandise bearing an allegedly infringing trademark following the performances.

Case 2:10-cv-06277-PSG-FMO Document 39 Filed 12/14/10 Page 5 of 8 Page ID #:1087

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

source or content of the work." *Id.* Although the Ninth Circuit has adopted the *Rogers* test, its application has been limited to circumstances where the plaintiff's mark is of "such cultural significance that it has become an integral part of the public's vocabulary." *Rebelution, LLC v. Perez*, No. C 09-3979 MHP, 2010 WL 3036217, *2 (N.D. Cal., July 30, 2010) (citing *Mattel Inc. v. MCA Records, Inc.,* 296 F.3d 894 (9th Cir.2002); *Mattel Inc. v. Walking Mountain Prod.,* 353 F.3d 792 (9th Cir. 2003)).

Here, Defendant essentially contends that the Complaint fails under *Rogers* because the word "Dita" was used in connection with Defendant's artistic work, and because the Complaint fails to establish any possibility that the public has been confused or misled. *Mot.* 6:21-22. However, even assuming *arguendo* that the *Rogers* test is applicable under the circumstances of this case, Defendant's claim cannot prevail on a motion to dismiss in light of specific allegations asserted in the Complaint. Not only does the Complaint allege that Defendant's use of the mark is likely to cause consumer confusion, it asserts that Defendant actually *intended* to mislead the public as to the source or content of the work. *See Compl.* ¶ 23. Such allegations expressly negate the second prong of the *Rogers* test.

Thus, after taking all allegations of material fact as true and construing them in the light most favorable to the nonmoving party, as is proper on a motion to dismiss, the Court rejects Defendant's argument that the Complaint should be dismissed on First Amendment grounds.

B.  Justiciability Issues

Defendant's second line of argumentation in moving to dismiss challenges the justiciability of this action. *Mot.* 10:20-13:8; 24:24-25:10. Specifically, Defendant raises two separate, but related claims: (1) that Plaintiff lacks standing to bring this action because it has no registered mark in the categories of clothing, leather goods, and jewelry, *Mot.* 11:18-19:13; and (2) that, due to the parties' pending dispute before the Patent and Trademark Office's Trials and Appeals Board ("TTAB"), Plaintiff's claims are not "legally ripe." *Mot.* 12:16-13:8. The Court disagrees with Defendant on both counts.

First, Defendant errs in asserting that registration is required to bring an action for trademark infringement. In fact, the great weight of authority points directly to the contrary. *See Estate of Coll-Monge v. Inner Peace Movement*, 524 F.3d 1341, 1347 (D.C. Cir. 2008) ("Although a federal registration will give the owner of a mark important legal rights and benefits, the registration does not create the trademark.... [T]he absence or cancellation of a registration does not invalidate the trademark. It is the use of the mark to identify a single source

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc. v. Judith Mendez, *et al.* | | |

which creates exclusive trademark rights.") (*citing* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:3 (4th ed. 2005)); *United We Stand America, Inc. v. United We Stand, America New York, Inc*., 128 F.3d 86, 93 (2d Cir. 1997) (Leval, J.) ("the primary function of registration [] is to give notice. The owner's right to bar infringing use does not depend on registration prior to the infringer's use.") Rather, a party may establish ownership of a trademark under the Lanham Act by being the first to *use* the mark in commerce. *See* Lanham Act, § 1, 15 U.S.C.A. § 1051 (emphasis added). Accordingly, the Court concludes that the absence of registered marks in categories of clothing, leather goods, and jewelry does not preclude Plaintiff from bringing this action.

Defendant also errs in contending that Plaintiff's claims are unripe because of a pending TTAB proceeding challenging Plaintiff's applications for registration of its mark on clothing, leather goods, and jewelry. *See Compl.* ¶ 21; *Mot.* 11:18-13:8. The powers of the TTAB are limited to "determin[ing] and decid [ing] the respective rights of [trademark] registration." 15 U.S.C. § 1067(a); *see also* 15 U.S.C. §§ 1063(a), 1064. In contrast, a federal district court may – in addition to determining registration rights, *see* 15 U.S.C. § 1119 – also adjudicate claims of trademark infringement, *see id.* § 1114, and award either injunctive relief, *see id.* § 1116, or damages, *see id.* § 1117.

In opposing Defendant's motion, Plaintiff argues that the TTAB lacks exclusive jurisdiction over registration disputes. *Opp.* 12:14-15. This view finds support in the case of *Rhoades v. Avon Products, Inc*., in which the Ninth Circuit held that the district court erred in dismissing a competitor's trademark infringement declaratory judgment action due to a pending TTAB proceeding. 504 F.3d 1151, 1165 (9th Cir. 2007). The court reasoned that, while the TTAB provided a forum to address trademark registration issues, "Congress ha[d] not installed the Patent and Trademark Office (PTO) as the exclusive expert in the field," and that "federal courts are particularly well-suited to handle [infringement lawsuits] so that parties quickly could obtain determination of their rights without accruing potential damages." *Id.* at 1164.

Thus, based on the plain language of the Lanham Act as well as the reasoning of *Rhoades*, the Court concludes that the pending TTAB proceedings neither preclude this infringement action nor render it unripe. Therefore, the Court declines to dismiss the Complaint on grounds that Plaintiff's claims are not justiciable.

C.   Sufficiency of Allegations in the Complaint

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc.  v.  Judith Mendez, *et al.* | | |

Lastly, Defendant argues that the Complaint should be dismissed because all of Plaintiff's causes of action lack legal merit, specifically, because Plaintiff cannot establish a likelihood of confusion.  *Mot.* 19:8-21:19.  Such arguments are premature on a motion to dismiss, however.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Although dismissal of pleadings on grounds that likelihood of confusion is impossible from the face of a complaint is not entirely unprecedented, *see e.g., Marvel Enterprises, Inc. v. NCSoft Corp.*, No. CV 04-9253-RGK, 2005 WL 878090 (C.D. Cal. Mar. 9, 2005) ("That the terms at question here [(the word mark STATESMAN and the registered mark CAPTAIN AMERICA)] are entirely dissimilar is self-evident."), dismissal at this stage in the proceedings would nonetheless be "highly unusual."  6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:121.25; *Gucci America, Inc. v. Hall & Associates*, 135 F.Supp.2d 409, 412 (S.D.N.Y.,2001) (noting, in an action for direct and contributory copyright infringement, that "[t]he motion to dismiss for failure to state a claim is disfavored and is seldom granted."); *cf. Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.,* 380 F.3d 126 (2d Cir. 2004) (reversing grant of motion to dismiss where trial court said that any potential confusion would quickly dissipate once a consumer phoned the number listed in the challenged advertisement or even drove past the premises of the parties).

To succeed on a claim for trademark infringement or false designation of origin, a plaintiff must establish that (1) it has a valid, protectable trademark; and (2) that the defendant subsequently, and without authorization, used a similar mark likely to cause consumer confusion, deception, or mistake.  15 U.S.C. § 1114(1)(a);[2] *Brookfield Commc'ns, Inc. v. W.*

---

[2] In full, this provision states:

Any person who shall, without the consent of the registrant –  (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. §  1114(1)(a).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#18/21
CIVIL MINUTES - GENERAL

| Case No.: | CV 10-6277 PSG (FMOx) | Date: | December 14, 2010 |
|---|---|---|---|
| Title: | Dita, Inc.  v.  Judith Mendez, *et al.* | | |

*Coast Entm't Corp.,* 174 F.3d 1036, 1046-57 (9th Cir. 1999).  Here, the Complaint alleges that Plaintiff owns a registered mark in the word "Dita" or "DITA, and/or a shield with the letter "D" on it, *Compl.* ¶ 10, and that Plaintiff's mark in eyewear is related to clothing, leather goods, and jewelry.  *Id.* ¶¶ 6, 11, 27.  It then goes on to allege that Defendant used the word mark, "DITA," on competing products, *Id.* ¶ 6, and that "[Defendant's] conduct either has caused or is likely to cause confusion."  *Id.* ¶¶ 42-43.  Such allegations sufficiently state a claim for trademark infringement.

Likewise, the Court finds that the Complaint sufficiently alleged a cause of action for unfair competition.  Cal. Bus. & Prof. Code § 17200 prohibits "unlawful, unfair, or fraudulent business practice[s] and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  To state a claim under this provision, a plaintiff need only show that "members of the public are likely to be deceived" by the defendant's business practice or advertising. *Bank of the West v. Sup. Ct.*, 2 Cal. 4th 1254, 1267, 10 Cal. Rptr. 2d 538 (1992).  Here, Defendant contends that the Complaint fails to state a cause of action under § 17200 because Plaintiff "does not have any valid trademarks" to support its UCL claim.  However, as previously discussed, Defendant's central premise in so arguing is mistaken.  Moreover, the Complaint plainly alleges that members of the public are likely to be deceived as to the origin or sponsorship of the allegedly infringing products.  *Compl.* ¶¶ 56-68.

Thus, the Court finds that Plaintiff adequately alleged each cause of action in its Complaint.  Defendant may raise arguments regarding the merits of the allegations on a motion for summary judgment.

IV.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Complaint for failure to state a claim is DENIED.

**IT IS SO ORDERED.**